W. R. FINDLEY, RESPONDENT, *v.* H. TAYLOR HILL AND M. SCRAFFORD, APPELLANTS.

CONSIDERATION—AGREEMENT TO EXTEND TIME FOR PAYMENT.—An agreement between the creditor and principal debtor, without the assent of the surety, to extend the time for the payment of a promissory note, due the second day of January, 1879, until after harvest, in consideration that the debtor would pay in wheat, is insufficient to extend the time of payment upon the note; such agreement is void for want of consideration to support it, for the reason that "after harvest," is an indefinite and uncertain time.

SURETY—FAILURE TO PROCEED AGAINST PRINCIPAL.—When the debt becomes due, the request of the surety to sue the principal debtor, who is
then solvent, and the creditor fails to do so, and the principal afterwards
becomes insolvent, the surety will not thereby be discharged.

APPEAL from Polk County.

This was an action on a promissory note, which is in the
following words and figures, to wit:

"BUENA VISTA, February 20, 1878.

"On or before January 1, 1879, I promise to pay to W.
R. Findley, or order, the sum of one hundred and nine
dollars, with interest at one per cent. per month, from date
until paid, for value received.

(Signed)                          "H. TAYLOR HILL,
                                  "M. SCRAFFORD."

Hill failed to answer, and was defaulted. Scrafford answered, admitting the execution of the note, but pleads in
avoidance of his liability to pay the same, that he signed
said note as surety only of Hill, and that respondent, at
the time of the execution of said note, had full knowledge
of that fact, although the word "surety" was not appended
to said Scrafford's signature. Scrafford further shows in
his amended answer, that on or about the second day of
January, 1879, when Hill was solvent, he (Scrafford) notified and requested respondent to proceed to collect said
note without delay, which respondent failed and neglected
to do until October 6, 1879, when Hill was, and ever since
has been, insolvent.

And for a further and separate defense Scrafford alleges
that on or about the first day of March, 1879, respondent
did, without the assent of this appellant, and against his
protest, enter into an agreement with Hill, by the terms of
which, said Hill should have an extension of time for the
payment of said note until after the harvest of the year
1879, in consideration that said Hill should then pay the
amount which should be due upon said note in wheat, when
the same should be harvested by said Hill.

To the foregoing answer, respondent interposed a de-

murrer, which was sustained, and judgment rendered against Scrafford for one hundred and thirty-two dollars and thirty-nine cents. From this judgment Scrafford appeals.

*W. G. Piper, Bonham & Ramsey,* for appellant.

*R. S. Strahan, A. C. Sweet, and Daly & Gaby,* for respondent.

By the Court, PRIM, J.:

The defense set up in the separate answer of the appellant is, that he signed the note upon which the action is based, as surety only of the defendant Hill, and that the respondent had full knowledge of that fact at the time said note was executed, although the word "surety" was not appended to his signature. That the respondent, without the assent of the appellant and against his protest, entered into an agreement with the defendant Hill, by the terms of which the said Hill should have an extension of time for the payment of the note until after the harvest of 1879, in consideration that said Hill should then pay the amount due upon the note in wheat, when the same should be harvested. If this was a valid agreement it is quite clear that it operated as a discharge of the appellant, for it is well settled that where time is given to the principal debtor without the assent of the surety, by a valid agreement which ties up the hands of the creditor, the surety is discharged. (*Bangs* v. *Strong,* 7 Hill, 250.)

But in this case we think the agreement for the extension of time was invalid, for the reason that the time to which the payment was extended was indefinite and uncertain, and for the lack of any consideration to support it. In *Miller* v. *Sterne,* 2 Penn. St. 286, it was held that "to discharge a surety by extension of the time of payment, there must be not only a sufficient consideration, but the time must be definite; hence an agreement to delay for an uncertain period, as until some time in the summer, will not discharge him." (Chitty on Bills, 412, 414; 3 Penn. St. 440.) The agreement to pay in wheat after harvest was equivalent to

saying that if the creditor would wait until after harvest he would pay the amount due on the note; hence there was no consideration to support the promise, and until "after harvest" was indefinite and uncertain.

The other defense set up in the separate answer of the appellant was, that on or about the second day of January, 1879, when the said Hill was solvent, he (Scrafford) notified and requested respondent to proceed to collect said note without delay, which he neglected to do until October 6, 1879, at which time said Hill was, and ever since has been, insolvent. The legislatures of many of the United States have by statute provided that the surety may by notice require the creditor to proceed against the principal, but our legislature having failed to adopt any such provision, the rule of the common law prevails in this state. Mr. Brandt, in his work on suretyship (sec. 208), says: "The great majority of cases on the subject hold, in the absence of any statutory provision, that if after the debt is due, the surety request the creditor to sue the principal, who is then solvent, and the creditor fails to do so, and the principal afterwards becomes insolvent, the surety is not thereby discharged. The ground upon which these decisions rest is, that the principal and surety are both equally bound to the creditor, who may have taken a surety in order that he might not have to sue the principal. If the surety desires a suit brought against the principal he may himself pay the debt and immediately sue the principal." (*Jenkins* v. *Clarkson*, 7 Ohio, 72; *Carr* v. *Howard*, 8 Blackf. Ind. 190; *Davis* v. *Higgins*, 3 New Hamp. 231; *Nichols* v. *McDowell*, 14 B. Monroe, Ky. 15; *Frye* v. *Barker*, 4 Pick. 382; *Gage* v. *Mechanics' National Bank of Chicago*, 79 Ill. 62; 5 Nebraska, 484; 30 Mich. 143; 9 Cal. 557.)

There being no error appearing in the record, the judgment of the court below is affirmed.