ROXANNA FARRIS, AND HER HUSBAND, T. J. FARRIS, Appellants, v. J. W. HAYES, ET AL., Respondents.

PLEADING—DOWER—VOID JUDGMENT.

G and wife became settlers upon the public lands under the act of September 27, 1850. G died before the completion of the four years' residence and cultivation. The patent issued, and afterward the widow married, and while a married woman signed a promissory note as surety, on which judgment was recovered against her by default, by service of notice upon a member of her family, the sheriff's return not stating that she could not be found. An execution was issued on the judgment, and her interest in the land sold to a purchaser in good faith. On a suit brought by her for a partition of her interest in the north half of the claim, and for the assignment of dower in the remainder of the north half, and to declare said judgment and proceedings under it fraudulent and void, and for a restitution of the south half, and for an account of the rents and profits: *Held;* First—That the failure to allege herself in possession of the north half, or to allege facts from which possession might be presumed, was fatal on demurrer to a suit for partition. Second—That she was not entitled to dower. Third—That if the judgment under which the property had been sold was void, she had an adequate remedy at law for the recovery of possession, and for damages.

APPEAL from Jackson county.    The facts are stated in the opinion.

*B. F. Dowell*, for appellants.

*A. C. Jones and R. S. Strahan*, for respondents.

By the Court, WALDO, J.

The complaint in this case shows that on the 3d day of September, 1861, in the county court for Jackson county, Or., Samuel Smith recovered a judgment for the sum of one hundred and sixty-six dollars and seventy-nine cents, against Roxanna Whitworth, now Roxanna Farris, the appellant in this suit; that in order to make the said sum of money, a donation claim, owned by appellant in Jackson county, Oregon, was sold at execution sale.    This suit is founded on the alleged insufficiency of said proceeding to divest the appellant of her title to said said lands.

The appellant prayed " that said judgment and deed be declared fraudulent and void so far as they interfere with the interest of the plaintiff in said lands, and that the one-fifth of the north half of said donation claim be set apart to her in severalty; that one-third of the balance be set. apart as her dower, for her use and benefit during her natural life; that an account be taken of the rents and profits of said tract of land during the time it has been in the possession of the defendant, Hayes, and that he be compelled to pay the same to the appellant; that the judgment and deeds be declared fraudulent and void so far as they interfere with the interest of appellant in said lands, to the south half of said lands, or that the appellant, Roxanna, be authorized to bring. an action of ejectment for said land, and that the defendant be prohibited from pleading the statute of limitation to such action, and for such other and further relief as the nature of the case may require."

A demurrer filed by the respondent to the effect that the amended complaint did not state a cause of suit, was sustained

in the circuit court. A second amended complaint, containing, substantially, the same cause of suit, was stricken out as frivolous, and judgment was entered against the appellant for costs.

It is shown by the complaint that Jacob Gall, and his wife, Roxanna Gall, now Roxanna Farris, the appellant, on the 1st day of April, 1852, took up a donation of three hundred and twenty acres of land in Jackson county. Jacob Gall died February 7, 1856, before the completion of the four years' residence and cultivation required by the act of congress, leaving his widow, the said Roxanna, and four children living, to whom his interest in the land was transferred under the eighth section of the donation act. The patent, which afterward issued, gave the south half of the claim to the widow, and the north half to Jacob Gall, or, in legal effect, to the widow and children, in equal parts, so that Roxanna became the owner, in fee, of the whole of the south half, and of an undivided one-fifth of the north half of the claim.

The appellant claims that she was also entitled to dower in the north half of the claim, and cites the case of *Love* v. *Love*, 8 Oregon, 23. But that case was where the four years' residence and cultivation had been completed, and was within the rule laid down in *McKay* v. *Freeman*, 6 Oregon, 449, that the settler had thereby acquired an estate of inheritance. But where the settler dies before the completion of the four years' residence and cultivation required by the act, his interest in the land terminates. His heirs and widow take the land directly as the donees of the United States. The estate of the settler is terminated by his death. (*Hall* v. *Russell*, 3 Sawyer, 509, 514; *Dolph* v. *Barney*, 5 Oregon, 202.) Under such circumstances there is no estate to which dower can attach.

The appellant claims that the proceedings purporting to divest her of her title to the land can be impeached in this suit on two grounds:

First—That the judgment was rendered against a married

woman, on a promissory note signed by her as surety, and was, therefore, void.

Second—That she had no notice of the pendency of the action in which the judgment was recovered.

It may be conceded, on the facts stated in the complaint, that the note on which the judgment was recovered, was void. But it does not follow that the judgment rendered against her, and the sale under the judgment, can be treated as a nullity, so as to disturb the title acquired by respondent, Hayes, from a *bona fide* purchaser at the sale. A rule of law more potent than that which declares the note void, prevents such a result—the conclusiveness of the record.

In *Fithian* v. *Monke*, 43 Mo., 502, the court below gave judgment against a mortgagor's vendee, ordering a sale of the mortgaged premises, with a personal judgment over against such vendee for the residue of the debt. Under such personal judgment the premises in controversy were sold and purchased, in good faith, by the defendant. *Held*, that such personal judgment was void, and that the purchaser's title could be attacked collaterally. It was held that the court could look into the action in which the judgment was recovered, and take notice that the judgment was rendered on a demand for relief—a personal judgment against the vendee— which the court had no power to give. It was not a case where a cause of action had been defectively stated, but it was one where the record itself disclosed that no statement, however complete, could constitute a cause of action on which a valid judgment could be rendered.

But it does not appear by the record in the case before the court that the note on which the judgment was recovered was the note of a married woman, or that the judgment was against a married woman. Whatever may have been the effect, had these facts appeared of record, they cannot now be brought forward by parol to assail the title of a purchaser in good faith, or of those claiming under him.

The appellant claims, secondly, that the judgment was void

because of the appellant's want of notice of the action. This point seems well made according to the rule laid down in *Settlemier* v. *Sullivan*, 7 Otto, 444. But it follows that the appellant had an adequate remedy at law by an action of ejectment, and, thence, that the case stated is not one for the cognizance of a court of equity. ·

In *Janney* v. *Spedden*, 38 Mo., 395, there was a petition for equitable relief, praying to have a judgment, a sale of real estate under the judgment, a sheriff's deed to the purchaser at the sale, and a deed from the purchaser to a third person declared void, and that the plaintiff have restitution of the property sold. The judgment, as insisted in the petition, was pronounced void by the court. But the court then said: "It is scarcely necessary to say that a bill in equity is not the proper remedy for the recovery of possession of lands. The party has an adequate remedy at law by the action of ejectment, or otherwise. The judgment and deeds being void in law, there was no occasion for this interference of a court of equity to set them aside and declare them void." (*Armstine* v. *Chashire*, 2 Dev. Eq., 234.)

The appellant also asks for a partition of the north half of the claim, and since her title was not divested by the judgment and sale to Pebler, she would be entitled to a decree to this extent, if in possession as a tenant in common with Hayes, and had so alleged in her complaint.

Counsel for appellant cites *Hitchcock* v. *Skinner*, Hoff. Ch., 24, *Brownell* v. *Brownell*, 19 Wend., 369, and *Green* v. *Liten*, 8 Cr., 229, to show that she has such possession. But these cases say no more than that the possession of one tenant in common, is, presumptively, the possession of all; or that constructive possession, as by delivery of the patent, is equivalent to actual possession; that possession follows the legal title, no adverse possession being shown.

"An entry by one man on the lands of another, is an ouster of the legal possession arising from the title, or not, according to the intention with which it is done; if made un-

der claim or color of right, it is an ouster, otherwise it is a mere trespass." (Baldwin, J. *Ewing* v. *Burnett*, 11 Pet., 52.)

The appellant seems to insist that since the judgment recovered by Smith was void, and is an essential link in the chain of respondent's title, Hayes' possession has not such color of right as will constitute an adverse possession. But a conveyance by one having no title, to a third person who enters under that conveyance, is an ouster of the true owner. (*Bradstreet* v. *Huntington*, 5 Pet., 433, 439, 441.) So a sheriff's deed of land, though void as a conveyance, is good as color of title. (*Barkhalter* v. *Edwards*, 16 Gray, 596; *Northrup* v. *Wright*, 7 Hill, 468.)

And further, in order to give the court jurisdiction of a suit for partition, the complaint should allege that the plaintiff is in possession. (*Bradley* v. *Harkness*, 26 Cal., 76; *Bunkers* v. *Bunkers*, 2 Barb. Ch., 468.)

It was laid down in *Jennings* v. *Van Schack*, 3 Paige, 245, that possession might be presumed from an allegation that the parties were tenants in common. However, there is no such allegation in the complaint, but on the contrary, it is alleged that Hayes is in possession of the whole of the land, and also that he has a claim of title to that portion owned by appellant, by virtue of mesne conveyances from Pebler, the purchaser at the execution sale. The complaint, therefore, sets up no cause of suit for partition.

Again: The appellant claims that the loss of the judgment roll, as alleged in the complaint, delayed the appellant in bringing this suit, and, particularly, delayed the appellant in bringing an action of ejectment, followed by the prayer that the appellant be authorized to bring an action of ejectment, and that respondent be enjoined from pleading the statute of limitations. But it appears from the complaint that the judgment roll was found several weeks before the statute of limitation had run against an action of ejectment, and there was nothing to prevent the bringing of an action. Had the

---

---

respondent answered, in abatement, the pendency of another suit, the appellant could have discontinued her suit in equity before replying. (1 John. Cases, 397). Or might have pleaded that the former suit must be ineffectual; that the plaintiff could have no equitable relief in such suit. (*Ware* v. *Curtis*, 18 Conn., 294; 20 Conn., 515.)

Besides, the pendency of a suit in equity is not usually considered a sufficient ground for sustaining a plea in abatement to an action at law. (*Colt* v. *Partridge*, 9 Met., 576.)

An objection was also made to the order of the court striking out the amended complaint. Sham, frivolous and irrelevant pleadings may be stricken out. (Civil Code, sec. 80.) A pleading that is but a repetition of a former one adjudged insufficient, may be regarded as frivolous. (Bliss on Code Pleadings, sec. 421.)

In *Robinson* v. *Erickson*, 25 Iowa, 85, it was held that it was not error to strike out an amended complaint which was but a repetition of a former complaint. It follows that the judgment of the circuit court must be affirmed.

Judgment affirmed.