Argued July 14, affirmed September 7, 1926.

# O. W. EASTHAM, v. THE TELEGRAM PUBLISH·ING CO. ET AL.

### (248 Pac. 851.)

**Pleading.**

1. Filing amended complaint waived right of plaintiff to complain of court's action in striking out certain parts of original complaint.

**Pleading—Amended Complaint That was Repetition of Original Complaint, Adjudged Improper, Held Frivolous.**

2. In action for libel where amended complaint repeated matter held to be improper, and which was stricken from original complaint, such amended complaint was frivolous.

**Pleading—Where Amended Complaint Substantially Repeated Matter Stricken from Original Complaint, Court was Warranted in Striking Pleading from Files.**

3. Where, after leave was taken to file amended complaint, another complaint substantially repeating matter stricken from original complaint was filed, the court was warranted in striking pleading from files.

**Pleading—Power of Court to Strike Amended Pleading from Files Does not Depend on Statute.**

4. Power to strike amended pleading from files on account of repetition of matter held objectionable existed at common law, and does not depend on statutory authority.

Pleading, 31 Cyc., p. 610, n. 61, p. 632, n. 52.

From Multnomah: GEORGE TAZWELL, Judge.

Department 2.

Plaintiff appeals from an order striking an amended complaint from the files and dismissing action with prejudice. In July, 1923, plaintiff commenced an action against defendants for libel. On October 8, 1923, the court ordered certain parts of the original complaint stricken on motion of defendants. An amended complaint was filed on October 23, 1923. In November, 1923, defendants moved to strike the amended complaint from the files on the ground that

---

1. See 21 R. C. L. 599.

it was sham and frivolous in that it substantially re-iterated matters stricken from the original complaint. On April 14, 1924, this motion was allowed, and plaintiff was given five days' additional time in which to file a second amended complaint. Upon default of plaintiff, defendants on May 1, 1924, moved for an order of dismissal. On May 15, 1924, this motion was allowed and judgment was entered accordingly.

Affirmed.

For appellant there was a brief over the name of *Mr. L. B. Reeder,* with an oral argument by *Mr. O. W. Eastham.*

For respondents there was a brief over the names of *Messrs. Joseph Haney & Littlefield, Messrs. Mc-Camant & Thompson* and *Mr. Chriss A. Bell,* with oral arguments by *Mr. E. V. Littlefield* and *Mr. Wallace McCamant.*

BELT, J.—1. Error is not assigned relative to the order striking certain parts of the original complaint, nor does appellant discuss such matter in his brief. Therefore, we might well pass that phase of the case. If the court had improperly allowed the motion to strike, the point was waived upon the filing of an amended complaint. Had plaintiff elected to stand upon his original complaint, upon appeal from any judgment or final order rendered against him, the action of the trial court in striking the matter from the initial pleading would have been reviewed. This rule of practice was followed in *Everding & Farrell* v. *Gebhardt Lumber Company,* 86 Or. 239 (168 Pac. 304).

2. Plaintiff saw fit to amend and in so doing should have complied with the ruling of the court. The amended pleading substantially repeated the matter

held to be improper and which was stricken from the original complaint. It is true the amount claimed in damages was changed, but this could have been done upon trial. If plaintiff, in good faith and in an effort to comply with the court's ruling, had amplified the allegations stricken or had added new matter to the amended complaint, a different question would be presented: Bancroft on Code Pleading, p. 907. The pleading in question was, indeed, a frivolous one. As stated in *Farris* v. *Hayes*, 9 Or. 81, and cited with approval in *Stamm* v. *Wood*, 86 Or. 174 (168 Pac. 69):

"A pleading that is but a repetition of a former one adjudged insufficient, may be regarded as frivolous."

3. Liberality in permitting amendment is to be commended and much caution should be exercised in striking a pleading from the files, but in the light of the record before us we think the court's action was warranted: *Hoyt* v. *Beach*, 104 Iowa, 257 (73 N. W. 492, 65 Am. St. Rep. 461); *Burlingham et al.* v. *Gargan*, 125 N. Y. Supp. 565; *Loghry* v. *Fillmore County et al.*, 75 Neb. 158 (106 N. W. 170); *Grand Lodge I. O. O. F.* v. *Troutman et al.*, 73 Kan. 35 (84 Pac. 567); *Robertson* v. *The Rockland Cemetery Improvement Co. et al.*, 54 App. Div. 191 (66 N. Y. Supp. 632); *City of Hartford* v. *Pallotti*, 88 Conn. 73 (89 Atl. 1119); 31 Cyc. 632. Any other rule of practice would add to the "law's delay" and tend to obstruct the orderly administration of justice, to say nothing about fostering a spirit of disrespect for judicial authority. Furthermore, if courts do not have the inherent power to compel obedience to their orders by striking objectionable pleadings from the files, amendments without number could be made and

it would be a difficult, if not impossible, task to put a case at issue on the facts.

4. Appellant concedes there is authority for striking an amended complaint as frivolous which is a repetition of a former pleading held insufficient on demurrer, but contends the rule has no application in the instant case. We see no difference in principle where a pleading has been stricken from the files on account of repetition of matter held objectionable on motion, than where it is so treated because of repetition of a cause held insufficient on demurrer. In both instances disobedience to order of court permitting amendment is punished by striking the pleading from the files: 31 Cyc. 632. This inherent power existed at common law and does not depend upon statutory authority. The record discloses that plaintiff was given ample opportunity to amend and to put his cause at issue on the facts, but failed to take advantage thereof. It follows that the judgment of the lower court in dismissing the action and assessing costs and disbursements against plaintiff is affirmed.

AFFIRMED.

McBRIDE, C. J., and BURNETT and BEAN, JJ., concur.