Argued June 26, affirmed September 25, 1928.

## H. H. MACK *v.* R. J. HENDRICKS.

(270 Pac. 476.)

For appellant there was a brief over the name of *Messrs. Carson, Carson & Carson,* with an oral argument by *Mr. Wallace G. Carson.*

For respondent there was a brief and oral argument by *Mr. Frank B. Mitchell.*

BEAN, J.—Plaintiff brought this suit to collect a promissory note given for the sum of $1,500 dated January 5, 1918, and due 90 days after date, with interest from date until paid, and for reasonable attorney's fees in case of suit or action, executed by defendant in favor of R. N. Stanfield, and to foreclose a pledge of certain shares of stock given as security for the payment of the note. It is alleged the note and pledged shares of stock were indorsed, transferred and delivered by Stanfield to plaintiff. Five hundred dollars was credited upon the note on three different dates.

In November, 1924, defendant filed an answer admitting the execution of the note; the pledge of the shares of stock as security; the indorsement of the note, and the transfer of the collateral security to plaintiff. The answer denies that the note is due and denies the allegation as to attorney's fees. As a further and separate answer defendant averred as follows:

"That notwithstanding said promissory note mentioned and described in said amended complaint was, and is, in terms made payable ninety (90) days after said date of the execution of the same, said R. N. Stanfield, the original payee of said promissory note, subsequent to said execution of said promissory note and in consideration of defendant's assigning and transferring to said R. N. Stanfield, as and for collateral security for the payment by defendant of said promissory note, certificates numbered thirty-six (36) and thirty-nine (39) for one hundred (100) shares and two hundred (200) shares, respectively, of the preferred capital stock of the Statesman Publishing

Company, a corporation of Salem, Oregon, of the total par value of three thousand dollars ($3,000.00) orally promised and agreed to extend said time of payment of said promissory note to such time as defendant could pay the same with reasonable convenience.''

And that plaintiff had actual knowledge and notice of said agreement prior to the indorsement of the note; that defendant is unable to pay said note and so duly notified plaintiff prior to the action. On motion of plaintiff to strike the further and separate answer as sham, frivolous and irrelevant, the same was by the court stricken from the answer, as the alleged agreement for an extension of time for payment was not definite.

Defendant filed an amended answer, and in the further and separate answer set forth the same averment as quoted above and contained in the stricken answer with the following additional allegation, to wit: ''but that said R. N. Stanfield did not at any time orally, or otherwise, promise or agree to or with defendant to extend said time of payment of said promissory note for any period of time subsequent to the death of defendant.''

The second answer was stricken from the files by the court on motion of plaintiff for the reason the further answer was the same to all intents and purposes as that stricken, and was in violation of the order of the court. The amended answer of defendant did not state facts sufficient to constitute a defense to plaintiff's complaint and was in violation of the ruling of the court striking out the former further and separate answer. The amended answer was properly stricken from the files.

■ The element of certainty is necessary to constitute an agreement for an extension of time for the payment of a note, so as to make a valid, binding contract between the holder of the note and the maker, precluding the enforcement of payment. This is in conformity to the Negotiable Instruments Law: 8 C. J. 428, § 628.

It is the general rule, and it has been adopted in this state, that an agreement to extend the time for payment, in order to be valid, must be for a definite time. At least the time must be fixed so it can be readily ascertained: 8 C. J. 427, § 629; *Findley* v. *Hill*, 8 Or. 247 (34 Am. Rep. 578).

■ The statement added to the further amended answer quoted above did not materially change the averments formerly stricken out. It is but a mere allegation of that to which the payee of the note did not agree. Striking the same from the files as frivolous was in consonance with the orderly administration of justice: Or. L., § 76; *Eastham* v. *Telegram Pub. Co.*, 119 Or. 211, 213 (248 Pac. 851); *Stamm* v. *Wood*, 86 Or. 174, 179 (168 Pac. 69).

The note bears date of January 5, 1918, and was due 90 days after date. This action was commenced October 8, 1924. A decree was entered May 21, 1927. Under no reasonable rule could defendant claim further extension of time under the circumstances asserted.

■ After the amended answer was stricken from the files, there was no further pleading interposed on the part of defendant and the decree was properly rendered on motion of plaintiff, as for want of an answer: Or. L., § 79; Bancroft's Code Pleadings, § 645; *Owen* v. *Leber*, 112 Or. 136, 141 (228 Pac. 927).

The defendant complains of the attorney's fee. No testimony was taken in regard thereto. From an examination of the record $150 is allowed as a reasonable attorney's fee in this action and the decree will be modified accordingly. Plaintiff will recover his costs, otherwise the decree is affirmed.

AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.