Argued March 20; affirmed April 2, 1935

# HUNSIKER *v.* GANTENBEIN ET AL.

(42 P. (2d) 766)

*Henry S. Westbrook,* of Portland, for appellant.
*L. E. Schmitt,* of Portland, for respondents.

CAMPBELL, C. J. Plaintiff filed a complaint in the circuit court for Multnomah county by which she sought to have a deed, made by Ulrich Gantenbein to John Gantenbein, trustee, set aside on the ground of fraud.

Plaintiff at one time had been married to Ulrich Gantenbein, since deceased. The issue of said marriage

was four children. On September 2, 1919, plaintiff obtained a decree of divorce from said Ulrich Gantenbein. It appears that the parties to said divorce suit, sometime prior to the decree therein, effected a property settlement and reached an agreement regarding the custody and maintenance of their minor children. This settlement and agreement was incorporated into and made a part of the decree. It awarded the custody of the two youngest children (Carmen Gantenbein, five years of age, and Helen Gantenbein, four years of age) to plaintiff and made provision for the maintenance of these two minor children as follows:

"The party of the first part further promises and agrees to pay to the party of the second part, (plaintiff herein) for the care and maintenance of said two youngest minor children of the parties hereto, which are awarded to the party of the second part, the sum of $40.00 per month, the first payment to be made on October 1, 1919, and a like payment on the 1st day of each and every month thereafter, until the youngest of said children to-wit, Helen Gantenbein, shall arrive at the age of 18 years, provided however, that in the event of the remarriage of the party of the second part to any third person, no further payments shall be required to be made by the party of the first part to the party of the second part, for the support of said two youngest minor children of the parties hereto. It is agreed that in any decree of divorce which may be granted to the party of the second part, there shall be inserted a provision that the party of the first part shall pay said sum of $40.00 per month for the support of said two minor children, as in this paragraph provided."

This decree was never changed or modified in any respect.

On October 14, 1922, plaintiff intermarried with Rudolph Hunsiker. Ulrich Gantenbein paid to plain-

tiff all the installments for the support of said minor children up to and including October, 1922, and at the time plaintiff intermarried with Rudolph Hunsiker there was nothing due from said Ulrich Gantenbein to plaintiff for support of said minor children or for any other purpose.

On September 12, 1923, Ulrich Gantenbein executed a deed conveying to John Gantenbein all of his real property in trust for the use and benefit of the grantor therein during his life, and at his death the trustee was to convey said real estate by proper deed to the two children of the grantor of which he was given custody by the aforesaid decree of divorce, if said children were of age at the time of the grantor's death, and, if not, it should be conveyed to them when they reached the age of 21 years.

In plaintiff's first amended complaint, she alleged in substance all the foregoing facts and in addition thereto she alleged in substance that said trust deed was executed fraudulently and for the purpose of hindering and delaying her in the collection of the installments of support money that she claims fell due after her marriage to Mr. Hunsiker. The prayer of her complaint was that said trust deed should be set aside and that she be given a first lien on all of said real estate for the amount that had accrued to her under said divorce decree.

To this amended complaint, defendant filed a demurrer on the grounds, (1) that it failed to state facts sufficient to constitute a cause of suit, (2) that the suit had not been commenced within the time limited by statute.

The demurrer was sustained on the first ground and the plaintiff was given time to further plead.

Plaintiff thereafter filed her second amended complaint on the identical cause of suit with identical allegations regarding the decree of divorce, her subsequent marriage, the execution of the trust deed and added that between the time of her remarriage and the execution of the trust deed $440 had accrued by virtue of the decree of divorce; and set out a copy of the trust deed.

To the second amended complaint defendant filed a motion to strike it from the files on the grounds that the same allegations and substance thereof contained in the first amended complaint to which the court sustained a demurrer were contained in the second amended complaint. This motion was granted and thereafter, plaintiff refusing to further plead, the court entered an order dismissing the suit. Plaintiff appeals.

The only question presented by the record is whether the court erred in striking the plaintiff's second amended complaint from the files and dismissing the suit.

■ The additional allegations in the second amended complaint added no material substance to the cause of suit as alleged in plaintiff's first amended complaint. What plaintiff is really trying to do is to enforce the terms of a decree which shows on its face, that, so far as she is concerned, she had no longer any rights thereunder. When the decree said that payments should cease on plaintiff's remarriage, it was self-operating, and if she desired any further payment for the support of said minor children she would have been obliged to have the decree modified so as to make such provision. She alleges that said decree was not modified in any respect after its entry.

■ The demurrer to the first amended complaint having been properly sustained, and the second amended complaint being a mere repetition of the allegations and the substance of the first amended complaint, the court did not err in striking it from the files.

"A pleading that is but a repetition of a former one adjudged insufficient may be regarded as frivolous. * * * It was not error to strike an amended complaint which was but a repetition of a former complaint": *Farris v. Haeys,* 9 Or. 81; *Stamm v. Wood,* 86 Or. 174 (168 P. 69); *Eastham v. Telegram Publishing Company,* 119 Or. 211 (248 P. 851); *Mack v. Hendricks,* 126 Or. 400 (270 P. 476).

The decree of the circuit court will be affirmed.

It is so ordered.

BELT, KELLY and ROSSMAN, JJ., concur.