Argued December 20, 1972, affirmed January 12, petition
for rehearing denied February 15, petition for
review denied May 15, 1973

GREULICH ET AL, *Appellants, v.* THE CITY OF
LAKE OSWEGO ET AL, *Respondents.*

504 P2d 1390

*Adelbert G. Clostermann,* Portland, argued the cause and filed the brief for appellants.

*James A. Cox,* Lake Oswego, argued the cause and filed the brief for respondents.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Plaintiffs appeal from an order allowing defendants' motion to strike plaintiffs' second amended complaint, denying plaintiffs the right to plead further and entering judgment in favor of defendants.

Plaintiffs brought suit against the defendant City and against present and former mayors and councilmen. They sought injunctive and declaratory relief from the imposition of sewer assessments on their property—and on the property of others within the assessment district.

Essentially the following questions are presented:

(1) Does a trial court have the power to strike a frivolous pleading which violates its prior orders without leave to file an amended pleading?

(2) Did the second amended complaint violate the court's prior orders?

(3) If so, did the trial court in this case abuse its discretion by terminating the suit in this manner?

■ Concerning the authority of a court to strike the second amended complaint,

"It is the general rule that a pleading that is

but a repetition of a former one to which a demurrer has been sustained or which has been stricken out may be regarded as frivolous and upon motion may be stricken by the court: *Eastham v. The Telegram Publishing Company,* 119 Or. 211, 248 P. 851. \* \* \*" Dunmire Co. v. Or. Mut. Fire Ins. Co., 166 Or 690, 695, 114 P2d 1005 (1941).

Earlier in *Kiggins v. Dan Wuille & Co., Inc.,* 125 Or 101, 102, 265 P 785 (1928), the court said:

"The law in regard to such situations has been many times set forth by this and other courts. We know of no occasion to once more enunciate these principles. Four complaints preceded this one; apparently, each time the lower court sought to induce the plaintiff to prepare a proper pleading. When the fourth amended complaint was filed, which also violated the previous rulings, the court struck the complaint from the files. No error was done in so doing."

Concerning pleadings in the Supreme Court itself, that court in *State ex rel. v. Bishop,* 169 Or 448, 475-76, 127 P2d 736, 129 P2d 276 (1942), said:

"Section 1-714, O.C.L.A., provides that sham and frivolous answers may be stricken out on motion. *Farris v. Hayes,* 9 Or. 81, says:

" 'A pleading that is but a repetition of a former one adjudged insufficient, may be regarded as frivolous.'

Many decisions by this court announced since that one illustrate the application of the principle which it states. Accordingly, if the amended return submits the same matters that are stated in the original return and nothing else, it must be stricken from the files as frivolous."

*See also: Bliss v. Southern Pacific Co.,* 212 Or 634, 321 P2d 324 (1958); *Hunsiker v. Gantenbein,* 150 Or 22, 42 P2d 766 (1935).

In its ruling on the motion of defendants to strike many portions of the original complaint, the circuit judge who heard it advised counsel:

"* * * And I think all of that can be brought to the tryer [sic] of the fact's attention in a much more concise manner * * *. And, I think you ought to take your pencil and start doing that here. I have looked through this. I spent over an hour trying to figure out what this is. And, I can understand the necessity for the 60 part motion. And I am just going to allow the 60 part motion and ask you to sit down and revise this complaint in a clear and concise manner so it can be digested by a tryer [sic] of the facts. Because, I wouldn't ask any Judge to go through that complaint and try this case."

Although it allowed all 60 parts of the motion, it refused to strike the complaint.

Following the filing of an amended complaint, a motion to strike and to make more definite and certain containing 36 parts was filed against it. This was heard by a different judge. Thirty-three of the 36 motions were in effect allowed.[1] As a part of its order the court advised counsel:

"Counsel for the plaintiffs is warned that he

---

[1] The court's opinion stated:

"* * * * *

"Paragraphs 1, 33 and 34 of said motion will be denied.

"Paragraphs 2, 3, 4, 5, 6, 20, 21, 24, 25, 32, 35 and 36 will be allowed.

"Paragraphs 7, 8 and 9 are moot since paragraph IV of the amended complaint has been stricken in its entirety.

"Paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 of said motion are moot because paragraph V of the amended complaint has been stricken in its entirety.

"Paragraphs 22 and 23 of the motion are moot because paragraph VII of the amended complaint has been stricken in its entirety.

must not again submit a pleading in this matter which violates the previous order of the Court. I must agree with the counsel for the defendants that the pleadings previously submitted are so lengthy and so involved with matters of evidence and irrelevant and frivolous matters that it is virtually impossible for the Court to ascertain what relief is sought and upon what legal premise the plaintiffs desire relief. Hopefully the next pleading filed by plaintiffs' counsel will correct this situation."

Thereafter a second amended complaint was filed. Defendant moved to strike it without leave to file a third amended complaint. After hearing argument and considering the pleadings the court allowed the motion.

This controversy involved allegations in the nature of a class suit attempting to invalidate an improvement district established by the City of Lake Oswego, to void assessments levied pursuant to the construction of a sewer by that district, to order refund payments made by many of the plaintiffs pursuant to the Bancroft Bonding Act, challenging the constitutionality of that Act, and to set aside a contract between the City and a private developer of land adjoining the city. Neither the developer nor the sewer contractor were named parties. Serious financial complications for the city, its budget, the plaintiffs, the sewer contractor, the land developer and other residents of the city directly and indirectly affected were

"Paragraphs 26, 27, 28, 29, 30 and 31 of the motion are moot since paragraph X of the amended complaint has been stricken in its entirety.

"An order may be entered in accordance with the above granting to the plaintiffs fifteen days in which to further plead.

"* * * * *."

involved. The case was filed May 19, 1971. The order here appealed from was entered April 5, 1972.

■ Examination of the second amended complaint shows that the court's order striking major portions of the first amended complaint was not complied with. We agree with the trial judge that the second amended complaint "is so replete with matters of evidence and irrelevant and frivolous matters that it is virtually impossible for the court to ascertain the basis for the relief sought by the plaintiffs."

In *Prince v. Dierks*, 244 Or 145, 416 P2d 318 (1966), the court said:

"The trial court displayed great patience in giving the Schmidts an opportunity to comply with its orders. If the court had been wrong on its rulings on the motions, the last sentence of ORS 16.400 (2) adequately protected Schmidts' rights to appeal from those rulings at the proper stage of the proceedings. By disobeying the court's orders they chose—perhaps for want of a better defense—to risk all on their position that the trial court's rulings on the motions against the pleadings were incorrect. The court's rulings were proper, consequently the order of default and decree entered pursuant thereto must stand." 244 Or at 157.

■ We realize that a court should exercise great care in all cases in dismissing any amended complaint without leave to amend. Here, however, the plaintiffs had twice been given clear and explicit warnings by two different judges concerning their failure to plead an adequate complaint. The nature of the proceeding was one where continued delay created ever increasing difficulties and unnecessary hardships for the city and for others not parties to the suit.

Under these circumstances we conclude that the

court did not abuse its discretion in striking the second amended complaint and dismissing this proceeding without leave to plead further.

Affirmed.