# THE KASHMIR CORPORATION, *Respondent,*
## *v.*
# NELSON et al, *Appellant.*
## (No. 102851, CA 10720)

588 P2d 133

Daniel J. Gatti, Salem, argued the cause and filed the brief for appellant.

James P. Harris, II, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

Plaintiff (lessor) in this declaratory judgment proceeding sought a declaration of the rights of the parties after an alleged breach of a lease agreement. The only issue before us is the ability of defendant's counterclaims to withstand a demurrer and motion to strike.[1]

■ In his first counterclaim,[2] defendant (tenant) alleged that plaintiff breached its agreement to grant defendant an option to renew the lease upon expiration of the lease term. The trial judge sustained plaintiff's demurrer to defendant's counterclaim on the ground that it failed to state a cause of action. Defendant then filed an amended answer containing three alternative counterclaims, all of which were stricken on the ground that each was "sham and frivolous." Defendant refused to plead further and the trial judge then entered judgment for plaintiff on defendant's counterclaims. Defendant appeals. We reverse.

Plaintiff had leased office space to defendant for use in its real estate business for a 10-month term. The disagreement here is over the meaning of the "option to renew" clause in the lease agreement which provides:

> "* * * Tenant shall have first option to renew said lease upon expiration at such terms and conditions as shall be agreeable between Owner and Tenant, which shall not be unreasonable as compared to market prices at that time."

In its initial counterclaim, defendant alleged:

> "* * * [D]efendants have notified plaintiff of their desire to exercise the renewal option as set forth in said

---

[1] The trial judge found for defendant on plaintiff's breach of contract allegation in the declaratory judgment proceeding. Plaintiff does not appeal.

[2] Because this is an action for declaratory judgment in which the court undertakes to determine the rights of the parties, a counterclaim serves no practical function. It would have been sufficient for defendant to plead his allegations in his answer.

[ 889 ]

lease but the plaintiff has wrongfully refused to set reasonable terms and conditions as required by the contract. * * *"

Defendant's counterclaim was premised upon its interpretation of the renewal clause as granting an absolute option to renew. Plaintiff maintained, however, that the clause merely provided that, if plaintiff chose to rent the property, then defendant was entitled to have an opportunity to lease it before anyone else. The trial judge agreed with plaintiff and sustained plaintiff's demurrer because the defendant's pleading failed to contain the necessary allegation that the plaintiff had chosen to re-lease the property. The judge stated in his opinion letter:

> "The 'first option' to renew given the defendant in the lease did not contain the necessary terms for a valid option. It would have been activated only upon an expression by plaintiff that it was interested in renting the premises for a period beyond the lease term."

Defendant then filed an amended answer containing three counterclaims. The first counterclaim is an amended version of defendant's original counterclaim and alleges the breach of the renewal clause:

> "*The leased premises are open to be leased* but owner has refused to and continues to refuse to grant [defendant] his option to renew at a reasonable rental value compared to market prices at this time * * *." (Emphasis added.)

Defendant moved to strike the amended counterclaim on the ground that it was "sham and frivolous"[3] in that it was merely a restated version of the original counterclaim to which the trial court had previously sustained a demurrer. The trial judge granted the motion, apparently concluding that the amended version of the counterclaim did not cure the defects in the original pleading.

---

[3] We note that the same allegation cannot be both "sham and frivolous." For the distinction, *see infra,* pp 4-5. *See also, Andrysek v. Andrysek,* 280 Or 61, 69, n 8, 569 P2d 615 (1977).

■ We disagree. The issue was aptly phrased by plaintiff in its brief:

> "For defendant to prevail * * * this court would have to interpret the phrase in defendant's counterclaim 'open to be leased' as meaning the lessor had expressed a willingness to re-rent the premises at the termination of the lease period."

We think that, in light of the procedural posture in which this case was presented, that phrase may be so interpreted. Ordinarily, a motion to strike on the ground that a complaint is sham or frivolous does not test the sufficiency of a pleading; its sufficiency must be tested by demurrer. *Klerk v. Tektronix, Inc.*, 244 Or 10, 415 P2d 510 (1966). Here, however, it is apparent that plaintiff intended to test the sufficiency of defendant's amended counterclaim. The point behind plaintiff's motion to strike was that, because the amended counterclaim allegedly did not contain necessary allegations, it failed, like the original version, to state facts sufficient to constitute a cause of action and was therefore frivolous. We will treat plaintiff's response as a demurrer. *See Klerk*, 244 Or at 13.

■ A demurrer admits as true all well-pleaded facts and all the inferences that can be drawn therefrom. *Harding v. Bell*, 265 Or 202, 508 P2d 216 (1975). We think it can be inferred from the phrase in defendant's amended counterclaim, "the leased premises are open to be leased," that plaintiff was intending to lease the premises without first presenting the opportunity to defendant to negotiate in good faith for rental terms. This allegation, if true, would constitute a breach of the "option to renew" provision in the lease agreement, and should have survived plaintiff's motion to strike.

Defendant asserted two additional and alternative counterclaims.[4] The second counterclaim requests specific performance of an alleged oral agreement to renew the lease which was entered into by the parties

---

[4]Plaintiff failed to respond to the assignments of error with respect to the striking of these two counterclaims.

in conjunction with a prior lease agreement. The third counterclaim is a claim in *quantum meruit* by which defendant seeks the value of improvements made to the property in reliance on his belief that the lease term was renewable. The trial court granted plaintiff's motion to strike both counterclaims as sham and frivolous.

 A pleading may be stricken as sham when its allegations appear false on the face of the pleading. *Randall v. Simmons,* 40 Or 554, 556, 67 P 514 (1902). A frivolous plea is one which does not raise any issue in the proceeding. *Id.* at 556. *See also Andrysek v. Andrysek,* 280 Or 61, 69, n 8, 569 P2d 615 (1977). Neither defendant's second nor third counterclaim appears false on its face. Both counterclaims also appear sufficient in substance to at least raise an issue in the proceeding. It follows that plaintiff's motion to strike the counterclaims on the ground that each was "sham and frivolous" was improperly granted.

Reversed and remanded.