Argued and submitted September 26, affirmed November 30, 1988, reconsideration denied February 10, petition for review denied March 21, 1989 (307 Or 571)

DOYLE et al,
*Appellants,*

*v.*

The OREGON BANK et al,
*Respondents.*

(A8605-02951; CA A47080)

764 P2d 1379

John C. Urness, Springfield, argued the cause for appellants. With him on the briefs was Thorp, Dennett, Purdy, Golden & Jewett, P.C., Springfield.

Philip S. Van Der Weele, Portland, argued the cause for respondent The Oregon Bank. On the brief were Barbee B.

Lyon and Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Joel S. DeVore, Eugene, argued the cause for respondent Security Bank. On the brief were Robert H. Fraser and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

Plaintiffs brought this breach of contract action against defendants The Oregon Bank and Security Bank. Plaintiffs claim that The Oregon Bank breached its promise to lend money to two of the plaintiffs, James Doyle (Doyle) and Riverside Forest Products, Inc. (Riverside). The loan agreement contained a condition precedent that Security Bank subordinate some of its security interests in plaintiffs' property to The Oregon Bank. Plaintiffs' claim against Security Bank is based on Security Bank's alleged breach of its promise to subordinate those security interests. The trial court, on defendants' motions, dismissed all of plaintiffs' damage allegations pursuant to ORCP 21E.[1] Plaintiffs informed the court that they could not in good faith plead any additional facts regarding their damages; consequently, the trial court denied them leave to amend. Plaintiffs then voluntarily dismissed their claims, ORCP 54A(1), and the court entered judgment pursuant to ORCP 67B.[2] Plaintiffs appeal, and we affirm.

■ No previous case discusses the standard by which we review the granting of ORCP 21E motions. Plaintiffs suggest that our review should be the same as that for ORCP 21A motions to dismiss: We should accept as true all well-pleaded allegations and any facts that might be adduced as proof of those allegations. *Brennen v. City of Eugene,* 285 Or 401, 405, 591 P2d 719 (1979). We agree. For purposes of appellate review, we perceive no functional distinction between a trial court's ruling that a pleading is frivolous or sham (ORCP 21E) and its ruling that a pleading fails to state a claim (ORCP 21A). Accordingly, we state the facts and review the complaint under the *Brennen* standard.

On April 3, 1984, The Oregon Bank agreed to lend Doyle and Riverside slightly over one million dollars.[3] Doyle

---

[1] The trial court also granted Security Bank's motion to strike paragraph 14 of the second amended complaint as a sham. ORCP 21E. Paragraph 14 realleged nine other paragraphs. In the light of our disposition, we need not review that ruling.

[2] Judgment was entered under ORCP 67B, because "Count 4" of the second amended complaint, which pertains only to Security Bank and is unrelated to the other claims, remains unresolved.

[3] The agreement encompassed four separate loans: a $300,000 line of credit and a $372,500 term loan to Riverside, and a $75,000 line of credit and a $300,000 term loan to Doyle. In this opinion, we refer to the four loans collectively as "the loan."

owns all the stock in Riverside and in Doyle Milling Co., Inc. (Doyle Milling). In entering the loan agreement, Doyle was acting both for himself and for Doyle Milling, and The Oregon Bank knew that. Doyle told The Oregon Bank that part of the loan would be used for the benefit of Doyle Milling.

When plaintiffs and The Oregon Bank made the agreement, the bank was aware of plaintiffs' financial condition; plaintiffs had incurred substantial debts, which were secured in part by plaintiffs' real and personal property. Doyle had guaranteed some of the debts. One purpose of the loan was to help plaintiffs meet their obligations, amortize the debts, and thereby preserve their equity in the property securing the debts. The Oregon Bank knew, before it agreed to make the loan, that plaintiffs had tried unsuccessfully to borrow money from other sources and that, when it agreed to make the loan, plaintiffs stopped applying for loans elsewhere.

On May 4, 1984, at The Oregon Bank's request, plaintiffs executed the documents necessary to obtain the loan and placed them in escrow for closing. On May 17, 1984, the bank told plaintiffs that it was not going to make the loan. Plaintiffs were unable to obtain a loan elsewhere. As a result, plaintiffs claim damages from two sources: (1) lost profits on a timber contract owned by Doyle Milling, because part of the loan was to have been used to harvest the timber subject to that contract; and (2) lost equity and deficiency judgments resulting from the foreclosure of various mortgages and security interests on property encumbering plaintiffs' previously incurred debts. Plaintiffs allege that, but for The Oregon Bank's failure to make the promised loan, they would have been able to make the payments on those obligations and would have been able to prevent the foreclosures and judgments against them.

The agreement with The Oregon Bank was conditioned on Security Bank's willingness to subordinate some of its security interests in plaintiffs' property to The Oregon Bank. The Oregon Bank claims that Security Bank refused to subordinate its security interests and that, therefore, it was excused from making the loan to plaintiffs. In their complaint, plaintiffs state that they do not know whether Security Bank refused to subordinate but that, if it did, Security Bank is liable for their damages instead of The Oregon Bank.

■    Plaintiffs ask us to adopt this rule for liability of a lender that breaches a promise to lend money:

"A borrower unable to obtain a substitute loan should be allowed to recover those consequential damages caused by the lender's breach that were reasonably foreseeable to the parties at the time of contracting."

*See Restatement of Contracts* § 343, *comment a* (1932); *Pipkin v. Thomas & Hill, Inc.,* 298 NC 278, 285, 258 SE2d 778 (1979). They argue that, under that rule, their complaint is not sham, frivolous, or irrelevant and that, therefore, the trial court erred in striking their damage allegations. Defendants[4] urge us, first, not to adopt the rule that plaintiffs propose. Second, even if we do, defendants assert, plaintiffs' claim fails because they have not alleged that their inability to obtain substitute financing was foreseeable to The Oregon Bank when it agreed to make the loan. We agree that plaintiffs must allege foreseeability, *see Bixler v. First National Bank,* 49 Or App 195, 200, 619 P2d 895 (1980); *Restatement of Contracts (Second),* § 351, *comment e,* illustration 16 (1979), and that they have not. Thus, we need not address whether the proposed rule should be the law in Oregon.

Plaintiffs allege that, at the time of the loan agreement, The Oregon Bank understood plaintiffs' financial situation, that the bank knew that the purpose of the loan was to allow plaintiffs to meet the *previously incurred* obligations that ultimately resulted in plaintiffs' damages, that The Oregon Bank was the first lender to agree to make the loan, and that plaintiffs stopped looking elsewhere once The Oregon Bank promised to lend to them.[5] From those allegations, plaintiffs would have us *infer* that the bank should have foreseen their subsequent inability to obtain other financing, which in turn caused their damages. We decline to do so for two reasons.

First and foremost, nothing in those facts indicates

---

[4] Each defendant filed a separate brief and each makes separate, although substantially similar, arguments. We combine our discussion of those arguments.

[5] Plaintiffs also allege that, *after* The Oregon Bank refused to make the loan, they tried without success to borrow money from other sources. That allegation does not suggest, however, that plaintiffs' inability to procure a substitute loan was foreseeable earlier, at the time of contracting. Neither do plaintiffs allege that defendants' actions induced others to refuse to lend to them.

that, at the time of contracting, either of the banks knew or should have known that plaintiffs would be unable to obtain a loan elsewhere. Had they procured substitute financing, at the same or a lower rate than that offered by The Oregon Bank, then they would have suffered none of the damages that they allege. Thus, The Oregon Bank could have foreseen plaintiffs' damages only if it knew or should have known that they would not have been able to find another lender. The facts alleged simply do not state, imply, or encompass that.[6]

■ Second, we must construe the complaint "most strongly against" plaintiffs, because defendants argued below that the absence of allegations regarding foreseeability was fatal to the complaint, and plaintiffs declined to replead on the ground that they could not. *Harding v. Bell*, 265 Or 202, 209, 508 P2d 216 (1973); *Pickett v. Washington County*, 31 Or App 1263, 1270, 572 P2d 1070 (1977). We refuse to add to plaintiffs' complaint a fact that they could not plead. The trial court did not err in striking plaintiffs' damage allegations.

Affirmed.

---

[6] Plaintiffs rely in part on *St. Paul At Chase Corp. v. Manufacturers Life Ins. Co.*, 262 Md 192, 278 A2d 12, *cert den* 404 US 857 (1971). In that case, the lender breached its promise to lend at the last moment before the borrower needed the money, making it, in the words of the court, "well-nigh impossible" for the borrower to obtain another loan. 278 A2d at 36. Moreover, the borrower there had incurred debts in reliance on the lender's promise. 278 A2d at 19. No such facts are alleged here.