246 P.3d 1179 (2011)
240 Or. App. 435
In the Matter of the MARRIAGE OF Naomi Fay ROSS, Petitioner-Respondent, and
James Arthur Ross, Respondent-Appellant.
04DO0374DS; A142685.
Court of Appeals of Oregon.
Submitted December 3, 2010.
Decided January 19, 2011.
*1180 James Arthur Ross filed the briefs pro se.
Sharon Lee Schwartz and Legal Aid Services of Oregon filed the brief for respondent.
Before HASELTON, Presiding Judge, and ARMSTRONG, Judge, and DUNCAN, Judge.
HASELTON, P.J.
In this domestic relations case, the trial court granted respondent mother's motion, pursuant to ORCP 21 E, to strike appellant father's motion to modify the parenting contact provision of the judgment of dissolution. Father challenges that order on a variety of grounds. As explained below, we conclude that the trial court erred in that the allegations of the motion to modify and incorporated submissions were not, in their totality, "sham, frivolous, or irrelevant." ORCP 21 E. Accordingly, we reverse and remand.
On February 24, 2004, while the parties were married, father committed a variety of egregious violent and sexual crimes, including attempted aggravated murder, against mother. Father was subsequently convicted of those crimes and sentenced to nearly 40 years in prison. At the time of those crimes, the parties had two children, one who was approximately three years old and the other who was approximately five months old. In October 2004, the trial court entered a general judgment of dissolution of marriage, which included the following provision:
"Wife is a fit and proper person to be awarded custody of the parties' minor children * * * and custody of the children is awarded to Wife. Husband shall have no right to visit or contact the children, except indirectly through [RW]. Husband may write to the children, at [RW's] address, quarterly (4 times per year). Husband may not include letters to Wife in this correspondence. Husband shall have no contact, direct or indirect, with Wife."
RW is one of father's relatives.
In December 2008, father filed a motion for an order to show cause regarding modification of the parenting contact provision of the dissolution judgment. In that motion and the incorporated submissions, father asserted that mother had violated the parenting contact provisions by "sever[ing] all contact" between father and the children, including "sever[ing] contact with [RW]." Father proposed wholesale and detailed revisions, which would impose substantial responsibilities on mother to communicate with father on a regular basis regarding the children, entitle father to weekly correspondence and telephone communication with the children, and mandate at least one yearly visit between the children and father at his place of incarceration.
Mother responded with a motion "to strike the modification proceeding filed by [father] on the grounds that it is sham, frivolous, and irrelevant." In advancing that motion, mother contended that father's proposed modifications would, singly and collectively, subvert the purpose of the existing provision, which, mother asserted, was designed to "enable [mother] to start a new life without fear of [father] ever finding her, and to allow her children to live normal, healthy lives without any influence of their violent father."
The trial court, after hearing argument on the motion to strike, concluded:
"I do not believe there is sufficient evidence to have this case proceed any further. *1181 In my mind, there is no evidence that the mother violated the terms of the parenting agreement. And so thatrather than go into all the issues that have been raised I think that's sufficient and there'd be no purpose served by proceeding any further. I don't see any other conclusion reached if we wereif we were going on and have a full hearing. So that would be all."
The court subsequently entered an order granting mother's ORCP 21 E motion to strike father's motion to modify, and father appeals from that order.[1]
ORCP 21 E provides:
"Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 10 days after the service of the pleading upon such party or upon the court's own initiative at any time, the court may order stricken: (1) any sham, frivolous, or irrelevant pleading or defense or any pleading containing more than one claim or defense not separately stated; (2) any insufficient defense or any sham, frivolous, irrelevant, or redundant matter inserted in a pleading."
In reviewing the allowance (or denial) of a motion to strike pursuant to ORCP 21 E, we employ the same standard that pertains to rulings on motions to dismiss pursuant to ORCP 21 A: "We * * * accept as true all well-pleaded allegations and any facts that might be adduced as proof of those allegations." Doyle v. Oregon Bank, 94 Or.App. 230, 232, 764 P.2d 1379 (1988), rev. den., 307 Or. 571, 771 P.2d 1021 (1989). See also Erwin v. Oregon State Bar, 149 Or.App. 99, 108, 941 P.2d 1094 (1997) (applying that standard of review).
At least one of our decisions implies that the proper standard of review for an ORCP 21 E ruling is "abuse of discretion." See Turczynski v. Grill, 134 Or.App. 351, 354, 895 P.2d 787 (1995). However, that reference in Turczynski was predicated on a citation to Greulich v. The City of Lake Oswego, 12 Or.App. 235, 504 P.2d 1390, rev. den. (1973). In Greulich, the only reference to "abuse of discretion" review was to whether the trial court, after allowing the motion to strike, had erred in also denying leave to replead. Thus, properly understoodand consistently with Doyle"abuse of discretion" pertains not to the determination of whether matter in a pleading is, in fact, "sham, frivolous, or irrelevant" (which is a question of law), but, instead, to the court's determination to strike such matter and to any preclusion of further pleading. See Greulich, 12 Or.App. at 240-41, 504 P.2d 1390 (trial court did not abuse its discretion in striking second amended complaint without leave to replead where "the plaintiffs had twice been given clear and explicit warnings by two different judges concerning their failure to plead an adequate complaint").
The identification of our standard of review, in turn, implicates the substantive referent for that standard: What is the meaning, for purposes of ORCP 21 E, of "sham, frivolous, or irrelevant"? The origin of those termsof that phraselong antedates the adoption of the Oregon Rules of Civil Procedure. See General Laws of Oregon, Civ. Code, ch. I, title IX, § 74, p. 120 (Deady & Lane 1843-1872) ("Sham, frivolous and irrelevant answers and defenses may be stricken out on motion, and upon such terms as the court may in its discretion impose."); see also id. at title XI § 84, p. 122 ("If irrelevant or redundant matter be inserted in a pleading, it may be stricken out on motion of the adverse party[.]").
The content of those terms has remained roughly consistent for at least the last 150 years. "Sham" pleadings are those that are false in fact on their face and, hence, not pleaded in good faith. See, e.g., Andrysek v. Andrysek, 280 Or. 61, 69 n. 8, 569 P.2d 615 (1977) ("A sham plea is one good in form but false in fact; it is a pretense because it is not pleaded in good faith."); Foren v. Dealey, 4 Or. 92, 95 (1870) (to justify striking answer *1182 as "sham," "it must be obviously false, or it must be shown to be false and in bad faith"); Kashmir Corp. v. Nelson, 37 Or.App. 887, 892, 588 P.2d 133 (1978) ("A pleading may be stricken as sham when its allegations appear false on the face of the pleading.").
A "frivolous" pleading "is one which, although true in its allegations, is totally insufficient in substance." Andrysek, 280 Or. at 69 n. 8, 569 P.2d 615.[2]See also Kashmir Corp., 37 Or.App. at 892, 588 P.2d 133 ("A frivolous plea is one which does not raise any issue in the proceeding."); cf. Greulich, 12 Or.App. at 237-40, 504 P.2d 1390 (court did not err in striking as "frivolous," and without leave to replead, second amended complaint that was replete with material the court had previously stricken). Because the sine qua non of a "frivolous" pleading is its legal insufficiency, there can be considerable overlap between an ORCP 21 E motion to strike as "frivolous" and a motion to dismiss pursuant to ORCP 21 A(8):
"Although ORCP 21 E does not specifically state that the motion is used to test the `legal sufficiency' of an allegation, `[a] legally insufficient allegation * * * is, in effect, a nullity, and may be stricken as either frivolous or irrelevant.'"
Lane v. Maass, 309 Or. 671, 675, 790 P.2d 1137 (1990) (quoting Davis v. Tyee Industries, Inc., 295 Or. 467, 482-83 n. 14, 668 P.2d 1186 (1983)) (omission in Lane). See also Erwin, 149 Or.App. at 108-09, 941 P.2d 1094 (trial court erred in striking as "frivolous" claim for declaratory relief because "the allegations [met] the minimal pleading requirements for a declaratory judgment action"); Masse v. Dept. of Rev., 18 OTR 100, 107, 2004 WL 2978290 (2004) (concluding that, because taxpayer "failed to state ultimate facts sufficient to constitute a claim[,] * * * those assertions are frivolous or irrelevant").
A focused, but nonexhaustive, canvassing of the case law pertaining to ORCP 21 E and its antecedents reveals no particularized definition of "irrelevant" in this context. Rather, reported opinions address the distinction between "sham" and "frivolous" pleadings and, occasionally, conflate "irrelevant" with the latter. Accordingly, "irrelevant" as used in ORCP 21 E would appear to have the same meaning that it does generallythat is, as pertaining to matters that are not logically or legally germane to the substance of the parties' dispute. See Black's Law Dictionary 906 (9th ed. 2009).
We return to this case. Assuming, without deciding, that an ORCP 21 E motion to strike can properly be directed against a motion to modify in a domestic relations proceeding,[3] the trial court erred in allowing mother's motion. In allowing that motion, the court struck father's motion in its entirety and, effectively, precluded any further proceedings. Although it may be that certain of father's allegations were factually false, that was not discernible from the face of his motion and incorporated submissions; much less is it patent that father's motion was so pervasively false that the entire motion must be stricken as "sham." So too with respect to any treatment of father's motion as "frivolous": Assuming the truth of "all well-pleaded allegations and any facts that might be adduced as proof of those allegations," Doyle, 94 Or.App. at 232, 764 P.2d 1379, the breakdown of the sole mechanism provided in the dissolution judgment for potential contact between father and the children could constitute a legally sufficient basis for modification of that provision.
*1183 We appreciate the extraordinary circumstances that gave rise to the existing provision and the purposes it serves. Nor do we discount mother's expressed concerns that modification proceedings could, without rigorous oversight, be an occasion, intentionally or inadvertently, for perpetrating or perpetuating trauma. Nevertheless, striking father's motion as "sham," "frivolous," or "irrelevant" so as to preclude further proceedings, including the presentation of evidence in support of legally sufficient allegations, was not a legally permissible means of addressing those concerns.
Reversed and remanded.
NOTES
[1] Given the totality of the circumstances, including the trial court's comments in granting mother's motion, it is patent that the trial court deemed its ruling to be dispositive and preclusive of further proceedings on the motion to modify. Accordingly, the court's order was a post-judgment order that "affect[ed] a substantial right" of appellant father. ORS 19.205(3).
[2] Given that definition, the Supreme Court has emphasized that "sham" and "frivolous" are not merely disjunctivebut, rather, mutually exclusiveterms and has repeatedly admonished trial courts that the terms are not interchangeable. See, e.g., Warm Springs Forest Products Ind. v. EBI Co., 300 Or. 617, 626 n. 1, 716 P.2d 740 (1986); Andrysek, 280 Or. at 69 n. 8, 569 P.2d 615.
[3] ORCP 21 E provides for the striking of "pleading[s]," "defense[s]," or "matter inserted in a pleading." A motion is not, as least for purposes of general usage under the Oregon Rules of Civil Procedure, a "pleading." Compare ORCP 13 A (defining "pleading"), and ORCP 13 B (listing types of "pleadings"), with ORCP 14 A (defining "motion"). Given our analysis and ultimate disposition, we need not resolve, and neither express nor imply any view as to, whether, or to what extent, those definitions pertain to various post-judgment matters in the domestic relations context.