Argued and submitted October 10, 1994, affirmed May 17, 1995

## MARK JOSEPH TURCZYNSKI,
*Appellant,*

*v.*

## John GRILL,
Superintendent,
Santiam Correctional Institution,
Corrections Department,
*Respondent.*

## (92C-11492; CA A82326)

895 P2d 787

Christopher J. Shine, Multnomah Defenders, argued the cause and filed the brief for appellant.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

Petitioner appeals the denial of his petition for post-conviction relief. ORS 138.650. He argues that the court erred in striking his claim that he received inadequate assistance of counsel. We affirm.

The facts are undisputed. Petitioner was indicted on three counts of first degree burglary and one count each of resisting arrest, third degree escape and felon in possession of a firearm. ORS 164.225; ORS 162.315; ORS 162.145; ORS 166.250. After a stipulated facts trial, petitioner was convicted on two counts of first degree burglary and one count of felon in possession of a firearm. He sought post-conviction relief, alleging, *inter alia*, that his conviction was void because he received inadequate assistance of counsel.[1] The alleged inadequacy stems from counsel's failure to inform petitioner that, because of a 1987 burglary conviction, if he was convicted, he would be ineligible for earned time credits.[2] Defendant moved under ORCP 21 E to strike petitioner's claim of inadequate counsel as a sham, frivolous or irrelevant. The court granted the motion, took petitioner's other claims

---

[1] Petitioner's third amended petition alleges:

"Plaintiff believes that he was not adequately represented in that he was not informed by his attorney or the court that he would be sentenced to a determinate sentence and not eligible for a reduction of sentence which could have amounted to as much as 20% of the time. The potential 20% reduction was a major factor in the resolution of the case by a stipulated facts trial which was presumptively a guilty verdict by the court."

[2] ORS 137.635 provides:

"(1) When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, * * * the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. * * * *The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120.*

"(2) Felonies to which subsection (1) of this section apply include and are limited to:

"* * * * *

"(h) Burglary in the first degree, as defined in ORS 164.225." (Emphasis supplied.)

ORS 421.120 describes a scheme, administered by the Department of Corrections, under which inmates may shorten their prison terms simply through serving their allotted time. These "earned time credits" may also be retracted if the inmate is found guilty of a major rule violation or does not comply with a program plan. *See* OAR 291-97-025.

under consideration and, eventually, denied relief on all of petitioner's claims.

■    Our review is limited to errors of law appearing in the record. ORS 138.220. We review a court's grant of a motion to strike under ORCP 21 E for abuse of discretion. *Greulich v. The City of Lake Oswego*, 12 Or App 235, 504 P2d 1390, *rev den* (1973). Petitioner is entitled to relief if he can establish that there was a substantial denial of his

"rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void." ORS 138.530(1)(a).

We address that possibility under the Oregon Constitution first. *Hartzog v. Keeney*, 304 Or 57, 62, 742 P2d 600 (1987).

■    Under Article I, section 11, of the Oregon Constitution, a criminal defendant is denied adequate assistance when counsel fails to do "those things reasonably necessary to diligently and conscientiously advance the defense." *Krummacher v. Gierloff*, 290 Or 867, 874, 627 P2d 458 (1981). To advance the defense, counsel must take appropriate action, including

"informing the defendant, in a manner and to the extent appropriate to the circumstances and to the defendant's level of understanding, of the existence and consequences of non-tactical choices which are the defendant's to make, so as to assure that the defendant makes such choices intelligently. This function of counsel is particularly important when a defendant is called upon to waive fundamental rights, as by a guilty plea or waiver of a jury trial." *Id.* at 874-75.

The Supreme Court has held that, when a defendant pleads guilty to a crime, constitutionally adequate performance of counsel "entails disclosure of the consequences of a guilty plea and conviction." *Hartzog*, 304 Or at 63. The court in *Hartzog* held that the petitioner's counsel was inadequate in failing to inform the petitioner of the possibility of a minimum sentence under ORS 144.110(1) before entering a guilty plea. *See also Lyons v. Pearce*, 298 Or 554, 694 P2d 969 (1985) (*Lyons I*) (counsel inadequate in failing to inform the defendant before pleading guilty that he would be subject to deportation if convicted).

Petitioner would have us apply the same rule when a defendant's conviction results from a stipulated facts trial. However, *Lyons v. Pearce*, 298 Or 569, 694 P2d 978 (1985) (*Lyons II*), supports a different conclusion.[3] In *Lyons II*, the petitioner alleged that his trial counsel was inadequate for failing to advise him, in considering whether to agree to a stipulated facts trial, that he could be deported if he was convicted. The Supreme Court disagreed:

> "First, a stipulated facts trial, while having much the same characteristics as a guilty plea, has no statutory requirements that must be met such as those applicable to a guilty plea, specifically ORS 135.385 and ORS 135.425. * * *[4]
>
> "* * * * *
>
> "In spite of similarities to a guilty plea, the trial court, nonetheless, remains the trier of fact and is free to evaluate the evidence presented in the stipulated facts and determine guilt or innocence. This distinction ·is significant and is reflected in the fact that the statutes do not provide the additional protections for a defendant entering into a stipulated facts agreement."[5]

Despite petitioner's protestations to the contrary, a stipulated facts trial is not the same as a guilty plea; "an Oregon trial court is under no statutorily or judicially imposed obligation to find the defendant guilty." *Adams v. Peterson*, 968 F2d 835, 839 n 2 (9th Cir 1992), *cert den* ___ US ___, 113 S Ct 1818, 123 L Ed 2d 448 (1993). Therefore, the punishment

---

[3] *Lyons I* and *Lyons II* arose from separate convictions involving the same defendant. The former was pursuant to a guilty plea; the latter following a stipulated facts trial.

[4] ORS 135.385 requires the court, before accepting a guilty or no contest plea, to inform the defendant that the plea waives the right to a jury trial, the right of confrontation and the right against self-incrimination. The court must also inform the defendant of the maximum possible sentence as well as the possibility that the defendant might be adjudged a dangerous offender and thus subject to additional penalties.

ORS 135.425 requires defense counsel, before concluding a plea agreement, to advise the defendant of the alternatives available and of factors considered important by the defense counsel or the defendant in reaching a decision.

[5] Petitioner asserts that the distinction in *Lyons II* between a stipulated facts trial and a guilty plea is merely *dicta*. Even if that is true, it is the considered rumination of the Oregon Supreme Court and, as such, is very persuasive. In any event, we are persuaded that the distinction between stipulated fact trials and guilty pleas is a significant and, in this case, dispositive difference.

that a defendant receives in a stipulated facts trial is by no means definite and certain. Consequently, counsel's failure to advise petitioner of his ineligibility for earned time credits, was not inadequate assistance of counsel under Article I, section 11.

■    The same result obtains under the federal constitution. As we said in *Chew v. State of Oregon*, 121 Or App 474, 477, 855 P2d 1120, *rev den* 318 Or 24 (1993),

> "under the United States Constitution, attorneys are not required to inform clients of the collateral consequences of a guilty plea."

According to the Ninth Circuit,

> "[t]he distinction between a direct and collateral consequence of a plea *'turns on whether the result represents a definite, immediate and largely automatic effect* on the range of the defendant's punishment. * * * '* In many cases, the determination that a particular consequence is 'collateral' has rested on the fact that it was in the hands of another government agency or in the hands of the defendant himself." *Torrey v. Estelle*, 842 F2d 234, 235 (9th Cir 1988) (quoting *George v. Black*, 732 F2d 108, 110 (8th Cir 1984)) (emphasis supplied).

In this case, defendant's ineligibility for earned time credits was not assured; the court was under no obligation to convict him. The ineligibility for earned time credits was not a definite, immediate and largely automatic result of defendant's decision to stipulate. Counsel was not required by the federal constitution to inform petitioner of his ineligibility for earned time credits.

Accordingly, the post-conviction court did not abuse its discretion in granting defendant's motion to strike petitioner's claim for inadequate assistance of counsel. Petitioner's other assignments of error do not require discussion.

Affirmed.