Argued and submitted March 3, reversed and remanded October 1, 1997

In the Matter of
Julius Gallegos, a Child.
STATE ex rel JUVENILE DEPARTMENT
OF WASHINGTON COUNTY,
*Appellant,*

*v.*

JULIUS GALLEGOS,
*Respondent.*

(J95-0349; CA A92357)

945 P2d 656

Kaye E. Sunderland, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Lynn M. Travis argued the cause for respondent. With her on the brief was Juvenile Rights Project, Inc.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

### ARMSTRONG, J.

The state appeals an order of the juvenile court that suppressed evidence found in a search of child by school officials who believed that child was carrying a concealed handgun. We reverse.

The state charged child, a student at Aloha High School, with committing acts that, if committed by an adult, would constitute unlawful possession of a weapon in a public building, ORS 166.370, and unlawful possession of a firearm, ORS 166.250(1)(c). The charges stemmed from a search conducted by school officials after another student had informed them that child had brought a gun to school. Before the adjudicatory hearing, child moved to suppress evidence obtained in the search on the grounds that the search violated Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. The trial court granted the motion to suppress and dismissed the charges. The state appeals from that dismissal, claiming that the trial court incorrectly applied a probable cause standard, rather than a reasonable suspicion standard, in evaluating the officials' actions and incorrectly determined that the informant's record of absences and tardiness made him an unreliable witness.

The facts leading up to the search are as follows. On June 6, 1995, a school monitor was approached by a student whom he knew by name and with whom he had had previous contacts. The student told the monitor that child had a gun and that it was tucked into child's pants. The student stated that he had last seen child in the student center. The monitor went to the school offices and told the vice principal of the school what the student had said. The vice principal also knew, and had had previous contact with, the informant. Both officials testified that nothing in their contacts with the informant had given them any reason to doubt his credibility. The two officials then went to the student center, where they found child. A search of child revealed a handgun stuck into the waistband of his pants. At the suppression hearing, the trial court concluded that, contrary to the officials' belief in the informant's credibility, the fact that the informant had

frequently been absent from school and tardy and had a poor scholastic record made him an unreliable source of information such that there was no probable cause for the search.

On appeal, the state urges us to hold that Article I, section 9, of the Oregon Constitution requires no more than the Fourth Amendment has been held to require in terms of protection of students against unreasonable search and seizure in public schools. We do not need to decide that issue, however, because, even under a probable cause standard, the school officials acted lawfully.

We review the factual issues in a juvenile proceeding *de novo*, including the facts at issue on a motion to suppress. *State ex rel Juv. Dept. v. Finch*, 144 Or App 42, 44, 925 P2d 913 (1996). Here, there was a named informant known to both officials and believed by them to be credible. The informant had told them where child could be found and that child had a gun in the waistband of his pants. Child subsequently was found where informant had said that he would be.[1] The school monitor testified that he had had a number of previous contacts with the informant and had never known of or heard of that student lying, cheating or making up stories. The vice principal testified that he had no reason to doubt the informant's veracity. Because the informant was not connected with child's act, the degree of proof needed to establish the informant's veracity is less. *State v. Prince*, 93 Or App 106, 111, 760 P2d 1356, *rev den* 307 Or 246 (1988). The fact that the informant was not anonymous further supports the informant's veracity. *State v. Milks/Sales*, 127 Or App 397, 401, 872 P2d 988 (1994). The only evidence offered to counter the officials' perception of the informant's credibility was the informant's attendance record and progress reports. Those records do not have any bearing on the informant's credibility. That a student does not attend classes regularly, or perform well in them, reveals nothing about whether the student is truthful. We conclude that, given the officials' personal knowledge of the informant, they had sufficient,

---

[1] No question was raised below or on appeal about the basis of the informant's knowledge that child had a gun, so we do not consider that issue. *See generally State v. Munro*, 96 Or App 238, 241-42, 772 P2d 1353 (1989).

credible information about child's possession of a handgun to give them probable cause for their search.

Reversed and remanded.