Argued and submitted November 7, 2000, decision of Court of Appeals and order of circuit court affirmed; case remanded to circuit court for further proceedings July 6, 2001

STATE OF OREGON,
*Petitioner on Review,*

*v.*

VIRGINIA L. JONES,
wtn Virginia L. Roberts,
*Respondent on Review.*

(CC 97CR0663FE; CA A100934; SC S47520)

27 P3d 119

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause and filed the briefs for petitioner on review. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Meredith Allen, Deputy Public Defender, Salem, argued the cause and filed the briefs for respondent on review. With her on the briefs was David E. Groom, Public Defender.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs Justices.**

LEESON, J.

** Van Hoomissen, J., retired December 31, 2000, and did not participate in the decision of this case; Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case. De Muniz J., did not participate in the consideration or decision of this case.

### LEESON, J.

The state seeks review of a Court of Appeals' decision that affirmed a pretrial order suppressing evidence. *State v. Jones*, 165 Or App 55, 995 P2d 571 (2000). The issue is whether an officer who has a valid arrest warrant but no other legal justification may enter and search a private residence for a person named in the warrant without probable cause to believe that the person is inside the residence. The Court of Appeals affirmed the trial court's suppression order. For the reasons that follow, we affirm the decision of the Court of Appeals and the order of the trial court.

The relevant facts are undisputed. On February 7, 1997, the state filed a complaint of contempt of court in Douglas County Circuit Court seeking punitive sanctions against Robert Getzelman for failure to complete a jail sentence. On February 12, 1997, the circuit court issued a warrant for Getzelman's arrest.[1] The warrant listed Getzelman's home address as 205 Berry Lane in Roseburg, Oregon.

On February 20, 1997, Roseburg police officer Koberstein received an anonymous telephone call from an informant who had called Koberstein on previous occasions. The caller told Koberstein that someone named "Robert" was at 972 Glenn Street in Roseburg. Koberstein knew Getzelman from previous encounters and believed that the anonymous caller was referring to Getzelman. Koberstein also knew that defendant is Getzelman's mother and that 972 Glenn Street is defendant's home address.

Based on the arrest warrant, the anonymous informant's telephone call, and another informant's tip that Getzelman lived with defendant, Koberstein and Detective Admire went to defendant's house. Before approaching the house, they went to a nearby side street and watched the

---

[1] The parties dispute whether the warrant for Getzelman's arrest was a felony or a misdemeanor warrant. Defendant contends that the warrant was for contempt of court, which she argues is an unclassified misdemeanor. The state maintains that the warrant was for a felony because, it asserts, the underlying crime for which Getzelman had failed to complete his jail sentence was felony possession of a controlled substance. The record provides no basis for resolving that dispute, and its resolution would have no bearing on our holding in this case.

house for approximately half an hour. They did not see Getzelman or any indication that he was inside defendant's house. Koberstein then knocked on the front door of the house and defendant answered. She admitted that Getzelman lived there, but she told Koberstein and Admire that Getzelman was not at home. According to the officers, defendant appeared nervous when she made that statement. Suspecting that Getzelman was inside, the officers asked for permission to search the house for him. Defendant refused to consent to a search and tried to shut the door. Koberstein blocked the door jamb with his foot, and he told defendant that he and Admire were entitled to search the house for Getzelman and that defendant could be charged with hindering prosecution for denying them access. Defendant eventually stopped trying to close the door. Koberstein and Admire then entered the house, found Getzelman, and arrested him. Thereafter, defendant was charged with hindering prosecution because of her attempt to hide Getzelman. ORS 162.325(1)(a).[2]

Before trial, defendant moved to suppress evidence that the officers had found Getzelman inside her house. Relying on this court's opinion in *State v. Jordan*, 288 Or 391, 605 P2d 646 (1980), discussed later in this opinion, the trial court reasoned that the police were required to have probable cause to believe that Getzelman was inside defendant's house before they lawfully could enter it to search for him. The state conceded that the officers did not have probable cause. Accordingly, the trial court granted defendant's motion.

The state appealed. *See* ORS 138.060(3) (state may appeal "[a]n order made prior to trial suppressing evidence"). It argued that, under Article I, section 9, of the Oregon Constitution,[3] and the Fourth Amendment to the United States

---

[2] ORS 162.325 provides, in part:

"(1) A person commits the crime of hindering prosecution if, with intent to hinder the apprehension, prosecution, conviction or punishment of a person who has committed a crime punishable as a felony, or with the intent to assist a person who has committed a crime punishable as a felony in profiting or benefiting from the commission of the crime, the person:

"(a) Harbors or conceals such person[.]"

[3] Article I, section 9, provides:

Constitution,[4] a police officer who has a valid arrest warrant needs to have only a reasonable belief that the person named in the warrant is inside a private residence to be entitled to enter the residence to search for the person. The Court of Appeals rejected that argument, relying on *Jordan* and *State v. Davis*, 313 Or 246, 834 P2d 1008 (1992). It reasoned that those cases "confirm that, in the absence of a search warrant or other legal authority, probable cause to believe that the subject of an arrest warrant is within is not merely sufficient but is also *necessary* * * *." *Jones*, 165 Or App at 60 (emphasis in original). Accordingly, it held that Koberstein's and Admire's entry into defendant's house violated Article I, section 9, and that the trial court properly had granted defendant's motion to suppress. *Id.* at 61. Because the Court of Appeals resolved the matter on the basis of the Oregon Constitution, it did not address the state's argument under the Fourth Amendment. *Id.*

One judge dissented, arguing that *Jordan* and *Davis* neither controlled the outcome in this case nor resolved the precise level of suspicion that police must possess to search a residence lawfully when they possess a valid arrest warrant. *Id.* (Linder, J., dissenting). In the dissent's view, "a valid arrest warrant provides judicial protection against indiscriminate and unjustified police conduct," so an officer armed with such a warrant should be permitted to enter a person's house if the officer has only a "reason to believe"—not probable cause—that the suspect is inside. *Id.* at 64 (Linder, J., dissenting).

■ We allowed the state's petition for review. As is our practice, we first address the Oregon constitutional question that is presented, namely, whether Article I, section 9,

---

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

[4] The Fourth Amendment provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

required the officers to have probable cause to believe that Getzelman was inside defendant's house before they entered it to search for Getzelman for the purpose of serving him with the arrest warrant. *See State v. Kennedy*, 295 Or 260, 262-65, 666 P2d 1316 (1983) (court addresses issues of state law before considering federal law).

■ Article I, section 9, protects the right of the people to be free from unreasonable searches and seizures. This court has explained that Article I, section 9, protects a person's privacy and possessory interests as well as a person's liberty interest. *See State v. Owens*, 302 Or 196, 206, 729 P2d 524 (1986) ("Article I, section 9, protects privacy and possessory interests."); *State v. Holmes*, 311 Or 400, 409, 813 P2d 28 (1991) (seizure of a person interferes with individual's liberty interest). It is well established that the search of a private residence without a search warrant that has been issued by a neutral magistrate based on probable cause is presumed to be unreasonable. *State v. Davis*, 295 Or 227, 237, 666 P2d 802 (1983). There are certain exceptions to the search warrant requirement, however, one of which is at issue in this case.

This court has held that, if a police officer has a valid arrest warrant, then that officer lawfully may enter a private residence to make an arrest if the officer has probable cause to believe that the subject of the warrant is inside the residence. *See Jordan*, 288 Or at 402 (so holding under both Article I, section 9, and the Fourth Amendment); *Davis*, 313 Or at 255 (so holding under Article I, section 9). Relieving an officer who has a valid arrest warrant of the requirement to procure a search warrant acknowledges the practical necessity that the police might need to act quickly to execute the warrant:

> "Judicial scrutiny of probable cause to search every place where the suspect may be located would unduly hamper the police in the performance of their duties. Apprehending a criminal suspect is not the same as searching for evidence or contraband. A suspect will not stay in one place; he will attempt to avoid capture. And this inherent mobility to escape often presents unforeseeable dangers that necessitate swift police action."

*Jordan*, 288 Or at 400-01. Nonetheless, a valid arrest warrant means only that an officer has legal authority to seize

the person named in the warrant. *Davis*, 313 Or at 255. The authority to arrest does not, standing alone, permit the police to search a private residence. *See Davis*, 295 Or at 237 (search of house without a search warrant *per se* unreasonable unless search falls within exception to search warrant requirement). As this court explained in *Jordan*, "an arrest warrant is valid only for the purpose of making the arrest and not for the purpose of conducting a general search." *Jordan*, 288 Or at 402.

It follows, as this court stated in *Jordan*, that the exception to the search warrant requirement when an officer has a valid arrest warrant does not relieve the officer of the constitutional requirement to have probable cause to search. 288 Or at 401-02. The requirement that the police have probable cause to search protects the right of the people to be free from unreasonable searches, but the exception to the search warrant requirement when an officer has a valid arrest warrant assures that the police can act quickly to arrest the person named in the warrant who otherwise might avoid capture. *See Jordan*, 288 Or at 400-01 (explaining exception).

The state, like the dissent at the Court of Appeals, urges this court to construe the requirements of Article I, section 9, in the same manner that the state asserts the United States Supreme Court construed the Fourth Amendment in *Payton v. New York*, 445 US 573, 100 S Ct 1371, 63 L Ed 2d 639 (1980), and *Steagald v. United States*, 451 US 204, 101 S Ct 1642, 68 L Ed 2d 38 (1981). It reasons that, in *Jordan*, this court "merely was adopting [for Article I, section 9,] what it perceived to be the then-prevailing standard" under the Fourth Amendment. The state reads *Payton* and *Steagald*, which the Supreme Court decided after *Jordan* but before *Davis*, as holding that an officer who has a valid arrest warrant needs only a reasonable belief that the person named in the warrant is inside a private residence to lawfully enter the residence to search for the person.[5]

---

[5] In the state's view, the probable cause requirement discussed in *Jordan* was *dictum*, because that case did not present the question whether the lesser standard of a reasonable belief is sufficient under Article I, section 9. The state mischaracterizes *Jordan*. The issue in *Jordan* was "whether a police officer may enter a private dwelling to execute an arrest warrant without obtaining a search warrant." 288 Or at 393. As noted, the *Jordan* court explained that a search warrant is not

We decline to depart from the unambiguous requirement in Article I, section 9, that the search of a private residence is not permissible unless the officer conducting the search has a valid arrest warrant and probable cause to believe that the person sought is inside the residence. Relieving an officer who has a valid arrest warrant of the burden of obtaining a search warrant is an exception to the warrant requirement that does not undermine the constitutionally mandated probable cause requirement. However, relieving the officer of the probable cause requirement, as the state asks us to do, is a different matter. That federal courts arguably have come to a different conclusion under the Fourth Amendment is of no moment.

We turn to an analysis of this case. Although Koberstein and Admire had a valid warrant to arrest Getzelman for contempt of court when they went to defendant's house, that warrant did not authorize them to search for Getzelman inside defendant's house. *See Davis*, 295 Or at 237 (search of house without search warrant *per se* unreasonable unless search falls within exception to search-warrant requirement). Under the exception that permits an officer who has a valid arrest warrant to search private premises if the officer has probable cause to believe that the person named in the warrant is inside, Koberstein and Admire could have entered defendant's house lawfully if they had had probable cause to believe that Getzelman was there. However, the state has conceded throughout these proceedings that the officers lacked probable cause to believe that Getzelman was in defendant's house and it offers no other justification for the search that would obviate the probable cause requirement. Accordingly, the officers' search of defendant's house violated Article I, section 9, and there is no question

---

necessary to protect "constitutional rights * * * *as long as any arrest on private premises is supported by the judicial authorization of an arrest warrant and the police officer's probable cause to believe that the arrestee is within the premises.*" *Id.* at 401-02 (emphasis added). Thus, this court's answer to the question presented in *Jordan* was that a search warrant is not necessary only under specified circumstances, namely, if the police have a valid arrest warrant and probable cause to believe that the person named in the warrant is within the premises. An arrest warrant alone is not sufficient. The probable cause requirement announced in *Jordan* and followed in *Davis* was part of the holding and was necessary to the decision of the case. This court's statement regarding that issue was not, as the state argues, *dictum.*

that suppression is the proper remedy for such a violation. *See State v. Tanner*, 304 Or 312, 321, 745 P2d 757 (1987) ("[r]esidence in a house is uniformly deemed to be a sufficient basis for concluding that the violation of the privacy of the house violated the residents' privacy interests"). The evidence that the officers obtained—Getzelman—was derived directly from the officers' improper search. Accordingly, the trial court did not err in granting defendant's motion to suppress the evidence that the officers had located Getzelman inside her house.[6]

The decision of the Court of Appeals is affirmed. The order of the circuit court is affirmed, and the case is remanded to that court for further proceedings.

---

[6] In light of that holding, we need not address the state's arguments under the Fourth Amendment to the United States Constitution.